THOMAS P. O'BRIEN
United States Attorney
ROBB C. ADKINS (SBN 194576)
Assistant United States Attorney
Chief, Santa Ana Office
ANDREW STOLPER (SBN 205462)
Assistant United States Attorney
    411 West Fourth Street, 8th Floor
    Santa Ana, CA  92701-4599
    Telephone:  (714) 338-3593
    Facsimile:  (714) 338-3708
    Robb.Adkins@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>HENRY T. NICHOLAS, III,<br>and WILLIAM J. RUEHLE,<br><br>        Defendants. | No. SA CR 08-139-CJC<br><br>**DECLARATION OF YULIYA LYUBOVNAYA** |

**DECLARATION OF YULIYA LYUBOVNAYA**

I, Yuliya Lyubovnaya, declare as follows:

1. I am an attorney licensed to practice law in California and New York. I graduated from Boalt Hall at the University of California at Berkeley in 1998. After graduation, I went to work as a tax associate for Clearly, Gottlieb, Steen & Hamilton in New York, New York. I lateraled to Irell & Manella ("Irell") in August 2000. While I worked at Irell I took two leaves of absence: one in 2001 to complete my L.L.M. in Taxation from New York University School of Law; and a maternity leave in 2007. In July 2007, I left Irell and began my current employment as Senior Counsel at Bourns, Inc.

2. I have reviewed the indictments in United States v. Dr. Henry T. Nicholas, III, and William J. Ruhele, SA CR 08-139-CJC, and United States v. Dr. Henry T. Nicholas, III, SA CR 08-140-CJC. To my knowledge, I am not in possession of any information, confidential or otherwise, that relates to any of the allegations in either of these indictments. I did no work on, and was not exposed to any information relating to, any matter concerning the indictments. Specifically, I have no knowledge about Broadcom's option granting process, how it recorded compensation expenses, its corporate governance or any information regarding Dr. Nicholas or his involvement with narcotics.

3. On September 26, 2008, at my request, Irell provided me with my billing entries from Broadcom. Irell informed me that Broadcom has not waived its privilege with respect to my billing records.

4. In my almost six years of employment at Irell I billed thirty-nine and a half (39.5) hours to Broadcom and zero (0.00) hours to Dr. Nicholas. Based on reading paragraph two of the securities fraud indictment it appears Dr. Nicholas was employed at Broadcom from at least 1998 to January 2003. During this time period I billed a total of five (5) hours to Broadcom, all in 2001. During 2001, my work for Irell was limited exclusively to tax matters (in later years I did more general corporate work, but not for Broadcom). Two and a half (2.5) of the five hours I spent revising tax representations for a Broadcom form agreement (which means that at that time I was not involved in working on any actual Broadcom transaction). According to my billing records, the remaining two and a half hours (2.5) were spent reviewing investment documents and meeting with another Irell attorney. I have no recollection of what these investment documents were about. During this five hours of billing in 2001, I never spoke with a Broadcom employee. Prior to reviewing my billing records in connection with the preparation of this declaration, I had no recollection whatsoever of doing any work for Broadcom in 2001 (I had a vague recollection of doing a small amount of work for them in later years). This work was performed by me over six-months before I began any relationship with my husband.

5. The remainder of the thirty-four and a half (34.5) hours I billed for Broadcom was billed after Dr. Nicholas was no longer the CEO of Broadcom. This work related exclusively to tax matters and had nothing to do with any of the allegations in the indictments. Twenty-nine and a half (29.5)

hours was spent on tax maters relating to a merger Broadcom undertook in 2004. In 2005 I spent two and a half (2.5.) hours on tax research relating to installment sale rules and thirty minutes (.5 hours) reviewing the tax section of a settlement agreement. I have no recollection of this thirty minutes. Irell informed me that they believe this thirty minutes relates to the settlement of "a warrant class action." If Irell is correct, based on the amount of time and my billing description, it is likely that I reviewed the disclosure made to the settling class members of the tax consequences of accepting the settlement. This type of disclosure has nothing to do with the subject matter of the underlying "warrant class action" litigation and relates to the tax treatment of a settlement payout to the class members accepting the settlement. According to the Declaration of Kenneth Heitz (¶ 8), which I reviewed in preparing this declaration, the "warrant class action" is unrelated to the options granting process that is the subject of the fraud indictment.

6. I reviewed Mr. Simon's letter dated September 24, 2008 (attached hereto). Paragraph one of the letter requests that I confirm that I did not do any legal work for Dr. Nicholas or Broadcom relating to any "10-Ks, 10-Qs or other SEC filings," "compensation matters," "hiring matters," "acquisitions," "accounting matters," "any matters involving stock options or warrants" or "corporate governance matters." I did no work for Dr. Nicholas on any matter. As I was not, and am not, a securities lawyer, I recall doing no work for Broadcom relating to "10-Ks or 10-Qs, or other SEC filings" or "accounting

matters," "matters involving stock options," or "corporate governance matters." As I was not, and am not, an employment lawyer, I also recall doing no work on "compensation matters," or "hiring matters." In 2005, I billed 30 minutes reviewing the tax section of a settlement agreement that Irell informed me relates to the "warrant class action." Other than Irell telling me that there was such a thing as "warrant class action" I possess no information relating to this topic. I recall doing no work on acquisitions for Broadcom while Dr. Nicholas was employed there. The work I later did on acquisitions related exclusively to tax issues. As I stated before, none of the work I did for Broadcom relates in any way to any allegation in the indictments and my work provided me with no information, confidential or otherwise, concerning them.

7. Paragraph two of Mr. Simon's letter requests I identify which Broadcom or Dr. Nicholas matters I billed time to. I billed no time to any Dr. Nicholas matter. Prior to my husband's involvement in this case, I was unaware that Dr. Nicholas was associated with Broadcom or was a client of Irell. I have set forth above the Broadcom matters on which I billed.

8. The third paragraph of Mr. Simon's letter requests I list any time that I billed at Irell relating to eight litigation matters identified in his letter. Per Irell, I billed thirty minutes relating to the "warrant class action" as I described above. I do not know if this matter is the same matter Mr. Simon described in section 3a of his letter. As to the remainder of the matters identified by Mr. Simon, I billed

5

no time.

9. I have no personal relationship with any Broadcom employee. I also have no personal relationship with David Dull, Werner Wolfen, or Jim Adler.

10. I have not, and do not, discuss client confidences with my husband. I have never had a discussion with him relating to any work I did for Broadcom (other than to tell him that I thought I did a small amount of work for Broadcom irrelevant to options backdating) prior to Dr. Nicholas filing the instant motion.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed September 29, 2008, in Santa Ana, California.

YULIYA LYUBOVNAYA

| | | | | |
|---|---|---|---|---|
| JOHN W. VARDAMAN | STEVEN R. KUNEY | | DAVID M. ZINN | NICHOLAS J. BOYLE |
| PAUL MARTIN WOLFF | GERSON A. ZWEIFACH | | JOSEPH G. PETROSINELLI | ADAM L. PERLMAN |
| JOHN G. KESTER | PAUL MOGIN | LAW OFFICES | STEVEN M. FARINA | ANDREW W. RUDGE |
| WILLIAM E. McDANIELS | HOWARD W. GUTMAN | **WILLIAMS & CONNOLLY LLP** | KEVIN M. DOWNEY | DENEEN C. HOWELL |
| BRENDAN V. SULLIVAN, JR. | MARK S. LEVINSTEIN | | THOMAS G. HENTOFF | ALEX G. ROMAIN |
| RICHARD M. COOPER | VICTORIA RADD ROLLINS | 725 TWELFTH STREET, N.W. | PAUL B. GAFFNEY | DAVID A. FORKNER |
| GERALD A. FEFFER | DANIEL F. KATZ | | ROBERT A. VAN KIRK | JONATHAN M. LANDY |
| JERRY L. SHULMAN | WILLIAM R. MURRAY, JR. | WASHINGTON, D. C. 20005-5901 | MARCIE R. ZIEGLER | CHRISTOPHER N. MANNING |
| ROBERT B. BARNETT | EVA PETKO ESBER | | KENNETH C. SMURZYNSKI | RYAN T. SCARBOROUGH |
| DAVID E. KENDALL | STEPHEN D. RABER | | JOHN E. SCHMIDTLEIN | JENNIFER G. WICHT |
| GREGORY B. CRAIG | DAVID C. KIERNAN | (202) 434-5000 | CRAIG D. SINGER | STEPHEN D. ANDREWS |
| JOHN J. BUCKLEY, JR. | LON E. MUSSLEWHITE | | JAMES L. TANNER, JR. | MALACHI B. JONES |
| TERRENCE O'DONNELL | ROBIN E. JACOBSOHN | | J. ANDREW KEYES | THOMAS H. L. SELBY |
| DOUGLAS R. MARVIN | HEIDI K. HUBBARD | FAX (202) 434-5029 | GILBERT O. GREENMAN | KEVIN HARDY |
| JOHN K. VILLA | GLENN J. PFADENHAUER | | M. ELAINE HORN | EDWARD C. BARNIDGE |
| BARRY S. SIMON | GEORGE A. BORDEN | www.wc.com | ENU MAINIGI | JOSEPH M. TERRY |
| KEVIN T. BAINE | ROBERT J. SHAUGHNESSY | | MICHAEL F. O'CONNOR | AARON P. MAURER |
| STEPHEN L. URBANCZYK | DAVID S. BLATT | | PAUL T. HOURIHAN | JON R. FETTEROLF |
| PHILIP J. WARD | ARI S. ZYMELMAN | EDWARD BENNETT WILLIAMS (1920-1988) | WILLIAM J. BACHMAN | |
| F. WHITTEN PETERS | DANE H. BUTSWINKAS | PAUL R. CONNOLLY (1922-1978) | MARGARET A. KEELEY | OF COUNSEL |
| JAMES A. BRUTON, III | LAURIE S. FULTON | | MEGAN E. HILLS | RAYMOND W. BERGAN |
| PETER J. KAHN | DENNIS M. BLACK | | EDWARD J. BENNETT | JEREMIAH C. COLLINS |
| LON S. BABBY | PHILIP A. SECHLER | | TOBIN J. ROMERO | DAVID POVICH |
| MICHAEL S. SUNDERMEYER | LYNDA SCHULER | | BETH A. LEVENE | J. ALAN GALBRAITH |
| JAMES T. FULLER, III | PAUL K. DUEFFERT | September 24, 2008 | THOMAS G. WARD | ROBERT P. WATKINS |
| BRUCE R. GENDERSON | R. HACKNEY WIEGMANN | | WILLIAM T. BURKE | MARY G. CLARK |
| CAROLYN H. WILLIAMS | ROBERT M. CARY | | LISA M. DUGGAN | STEVEN A. STEINBACH |
| F. LANE HEARD III | KEVIN M. HODGES | | JOHN E. JOINER | JACQUELINE E. MAITLAND DAVIES |

By First-Class Mail & Electronic Mail

Robb C. Adkins, Esq.
Assistant United States Attorney
Chief, Southern Division
United States Attorney's Office
411 West Fourth Street, 8th Floor
Santa Ana, CA 97201

      Re:    **United States v. Nicholas, et al., SA CR 08-139-CJC**

Dear Mr. Adkins:

      I am writing in response to your inquiry concerning the subjects to be addressed in Mr. Stolper's wife's declaration.

      1.    The declaration should confirm (if accurate) that AUSA Stolper's wife did not do any legal work for Dr. Nicholas or Broadcom concerning any of the following:

            a.    10-Ks, 10-Qs, or other SEC filings
            b.    compensation matters
            c.    hiring matters
            d.    acquisitions
            e.    accounting matters
            f.    any matters involving stock option grants or warrants
            g.    corporate governance matters

      2.    The declaration should identify the Broadcom matters to which AUSA Stolper's wife billed time (and any Nicholas matters to which AUSA Stolper's wife billed time).

WILLIAMS & CONNOLLY LLP

Robb C. Adkins, Esq.
September 24, 2008
Page 2

        3.      The declaration should confirm (if accurate) that AUSA Stolper's wife did not do any work on any of the following matters:

    a.    *In re Broadcom Corp. Securities Litigation, Arenson v. Broadcom, David v. Wolfen,* or any other state or federal case relating to Broadcom's so-called Warrant Litigation
    b.    *Murphy, et. al v. McGregor, et. al. , Jin v. Broadcom, In re Broadcom Corp. Derivative Litigation,* or any other state or federal litigation relating to alleged options backdating at Broadcom
    c.    Roman James arbitration/litigation
    d.    Merhdad Nayebi matter
    e.    Elizabeth Kuhns matter
    f.    Broadcom's internal investigation regarding stock options issues
    g.    Broadcom's restatement
    h.    Government investigations of Broadcom stock options issues

Thank you for your prompt attention to this matter.

Very truly yours,

Barry S. Simon

cc:    Richard Marmaro, Esq.