# Exhibit 1

Exhibit 1
2



**U. S. Department of Justice**

*United States Attorney*
*Central District of California*

*Andrew Stolper*
*Assistant United States Attorney*
*(714) 338-3536*
*Andrew.Stolper@usdoj.gov*

*United States Courthouse, 8th Floor*
*411 West Fourth Street*
*Santa Ana, California 92701*

### VIA FIRST CLASS MAIL

September 29, 2008

Richard Marmaro, Esq.
Skadden, Arps et al.
300 South Grand Ave., Suite 3400
Los Angeles, CA 90071

      Re:    United States v. William J. Ruehle
                SA CR 08-139-CJC

Dear Mr. Marmaro:

     I write to respond to your September 12, 2008 discovery letter.

     According to your letter, Broadcom stated that in its internal investigation it reviewed "six million pages of documents." It is our understanding that Broadcom arrived at this six million figure because that was the universe of documents that it ran electronic searches against. Most of the information contained in this six million figure presumably has nothing to do with this case. Regardless, the government has undertaken to produce the information it obtained from Broadcom in the course of its investigation.

     Your letter requests we identify the total number of discs and storage devices the government has received and the total amount of the data contained on those discs. This question is difficult to answer because during the course of the investigation we received certain productions multiple times, have had certain discs reproduced due to errors, received certain production via email or paper, etcetera. Other than manually loading up each individual CD-ROM that was produced to us, we have no easy way of tabulating the total amount of data that was produced. We have, however, undertaken to cross-reference the electronic materials that we received from Broadcom, Ernst & Young, and Nancy Tullos, so that we may confirm that we produced everything we received.

Exhibit 1
3

**Letter to Richard Marmaro, Esq.**
**September 29, 2008**
**Page 2 of 4**

Your letter requests that the SEC provide all materials gathered during its investigation (e.g. documents subpoenaed, transcripts of testimony, etc.) As you know, we already have produced to you all SEC transcripts of testimony and exhibits in our possession. Nevertheless, we will accede to your request. We have requested the SEC provide these materials to the government and we will, on their receipt, reproduce them to you. We expect that these materials will be largely duplicative of the information already produced.

Your letter requests that we "identify the party who produced the documents to the government" that are contained on Disc Two within the "Other Productions" folder. Attached, please find a listing of the files contained in that folder. Each file or folder named in that folder represents the source of the document. For example, the files labeled "CSFB" are documents produced by <u>C</u>redit <u>S</u>uisse <u>F</u>irst <u>B</u>oston; the file labeled "Morgan Stanley" are documents produced by Morgan Stanley; etcetera.

Defendant Nicholas claimed that certain documents produced to the government were privileged and that their production was "inadvertent." As the documents were produced after being reviewed by Munger, Tolles, & Olson we dispute whether the production was, in fact, inadvertent. We asked defendant Nicholas's counsel for an explanation on August 12, 2008, and have not received a response. In the meantime, defendant Nicholas has provided the government with versions of his productions that do not contain the documents he now claims to be privileged and we are, in turn, producing these versions of documents to you pending resolution of the privilege dispute.

Your letter also takes exception with our August 4, 2008, discovery letter and demands we provide responses to each of the "70 different categories of documents" you have requested. We do not believe that Judge Carney's standing orders require the government to respond to what amount to civil interrogatories in a criminal case. We have endeavored to produce to you all the documents we gathered during our investigation.

Your letter also requests the government produce any information required under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and its progeny. The government has undertaken to produce all the documents it received in the course of its investigation to defendants. The only conceivable <u>Brady</u> materials not yet produced are contained in the witness statements that will be produced by the government months in advance of trial.

Your letter also requests that the government identify the specific stock option grants that were backdated beyond what is contained in the 65-page indictment and the discovery. The letter also demands the government "identify certain individuals, rules or entities referenced" in the indictment. These requests seek what amounts to a bill of particulars improperly designed to limit the government's proof at trial. <u>United States v. Giese</u>, 597 F.2d 1170, 1180 (9th Cir. 1979). In <u>Giese</u>, the defendant sought a bill of particulars on how each of the overt acts contributed to the

Exhibit 1
4

**Letter to Richard Marmaro, Esq.**
**September 29, 2008**
**Page 3 of 4**

scheme, how certain alleged co-schemer's statements were made in furtherance of the scheme, and requested a list of acts performed by each schemer. The Ninth Circuit noted that "there is no requirement in conspiracy cases that the government disclose even all the overt acts in furtherance of the conspiracy." Id. at 1180. The Court further explained that "Appellant's request for the when, where, and how of every act in furtherance of the conspiracy, was equivalent to a request for complete discovery of the government's evidence, which is not a purpose of the bill of particulars." Id. at 1181. See also United States v. DiCesare, 765 F.2d 890, 897-98 (9th Cir. 1985), (Upholding a denial of a motion for a bill of particulars seeking "(1) to obtain the names of any unknown conspirators; (2) to determine the exact date on which the conspiracy allegedly began; and (3) to delineate all other overt acts that comprised the charged activity."); United States v. Calabrese, 825 F.2d 1342, 1347 (9th Cir. 1987) (defendant not entitled to bill of particulars identifying government witness); United States v. Anderson, 799 F.2d 1438, 1442 (11th Cir. 1986) (defendant not entitled to bill of particulars listing government witnesses or unindicted co-conspirators); United States v. Rosenthal, 793 F.2d 1214, 1227 (11th Cir. 1986) (bill of particulars may not be used to compel the government to provide facts regarding the existence and formation of a conspiracy nor to provide all overt acts which may be proven at trial). The indictment, in conjunction with the discovery, supply more than sufficient notice of the charges to your client. As I stated in my August 4, 2008 letter, "we are willing to provide specific examples within each category but only if both defendants agree that our doing so in no way limits the government's proof at trial."

With respect to the "errors" you identified in the government's production, here are the government's responses:

| "Error" identified in your letter | Response |
| --- | --- |
| Data "but no images" were produced for certain databases | Our production reflects what we received from Broadcom and/or Tullos. |
| Volume 3 of 4 of Henry Nicholas's "SEC testimony from June 7, 2004" | We will attempt to locate this testimony from Broadcom[1] and/or the SEC. |
| A .txt file of the second day of Bruce Stump's testimony | We will attempt to obtain this information from the SEC. |
| ".txt files, with exhibits, for each videotaped deposition, including the .txt and exhibits for Dr. Nicholas's June 7 and 8, 2007 testimony and Mr. Ruehle's June 15, 2007 testimony." | We will attempt to obtain this information from Broadcom and/or the SEC and will produce it. |

---

[1] By acceding to your request that we seek this item from Broadcom, we are in no way obligating ourselves to do so in the future regarding other items.

Exhibit 1
5

**Letter to Richard Marmaro, Esq.**
**September 29, 2008**
**Page 4 of 4**

  There are two categories of information we have not produced to you. First, with your permission, we have not produced an email between Dr. Nicholas and his then-wife. As we stated in our August 4, 2008 letter, "[i]t is the government's position that this email should be provided to defendant Ruehle pursuant to Rule 16." We were informed by Dr. Nicholas that you agreed to not to require our production of this letter and that he would be filing a motion with respect to this information in October. The second category of information we have not produced is information that we believe contains Dr. Nicholas's emails that were voluntarily provided to the SEC by a former Broadcom employee. The government and Dr. Nicholas have not agreed as to how the privilege review of this information should be conducted. Once the government accesses this information it will produce it in accordance with its Rule 16 obligations.

  Your letter also requests the government's expert disclosures. The government will agree to a date for mutual expert disclosure and a later date for mutual disclosure of rebuttal experts. Please let us know what dates you propose so we may consider them.

Very truly yours,

THOMAS P. O'BRIEN
United States Attorney

ANDREW STOLPER
Assistant United States Attorney

cc: Robb Adkins, AUSA
   Brendan Sullivan, Esq. (w/o enclosures)

Exhibit 1
6

E: \ Other Productions

| Name | Size | Type | Last Modified |
|---|---|---|---|
| 0385787.nayebi.pdf | 57KB | Adobe Acrobat 7.0 Document | 8/2/2008 4:07 PM |
| CITI.pdf | 16MB | Adobe Acrobat 7.0 Document | 9/7/2007 9:59 AM |
| Credit Suisse.pdf | 29MB | Adobe Acrobat 7.0 Document | 8/1/2008 6:38 PM |
| CSFB 6-28-07.pdf | 131MB | Adobe Acrobat 7.0 Document | 8/2/2007 12:28 PM |
| CSFB 10-5-07.pdf | 43MB | Adobe Acrobat 7.0 Document | 7/30/2008 10:05 PM |
| CSFB 10-16-07.pdf | 76MB | Adobe Acrobat 7.0 Document | 7/30/2008 10:03 PM |
| CSFB.pdf | 21MB | Adobe Acrobat 7.0 Document | 7/30/2008 10:18 PM |
| dell.pdf | 28MB | Adobe Acrobat 7.0 Document | 7/30/2008 10:19 PM |
| DELOITTE 7-1-08.pdf | 3,997KB | Adobe Acrobat 7.0 Document | 7/30/2008 10:19 PM |
| Ed Frank.pdf | 724KB | Adobe Acrobat 7.0 Document | 2/6/2008 8:52 PM |
| Email for Nathaniel Cohn.pdf | 18MB | Adobe Acrobat 7.0 Document | 8/2/2008 4:09 PM |
| ERNST & YOUNG rep letter for acquisitions.pdf | 2,441KB | Adobe Acrobat 7.0 Document | 8/1/2008 6:28 PM |
| goldman sachs 5-29-2007.pdf | 51MB | Adobe Acrobat 7.0 Document | 8/1/2008 6:28 PM |
| harris my cfo 6-12-2007.pdf | 8,404KB | Adobe Acrobat 7.0 Document | 8/2/2008 4:11 PM |
| kato group.pdf | 16MB | Adobe Acrobat 7.0 Document | 8/2/2008 4:12 PM |
| lehman brothers.pdf | 51MB | Adobe Acrobat 7.0 Document | 8/1/2008 6:29 PM |
| lipacis.pdf | 461KB | Adobe Acrobat 7.0 Document | 6/9/2008 3:12 PM |
| LSI CORP.pdf | 7,171KB | Adobe Acrobat 7.0 Document | 8/2/2008 4:14 PM |
| malmquist disciplinary order.pdf | 1,040KB | Adobe Acrobat 7.0 Document | 8/2/2008 4:14 PM |
| Mediation_Brief_1215-1.nayebi.pdf | 37KB | Adobe Acrobat 7.0 Document | 8/2/2008 4:14 PM |
| merrill lynch.pdf | 11MB | Adobe Acrobat 7.0 Document | 8/2/2008 4:16 PM |
| MORGAN STANLEY 9-28-07.pdf | 11MB | Adobe Acrobat 7.0 Document | 8/1/2008 6:30 PM |
| MORGAN STANLEY.pdf | 7,320KB | Adobe Acrobat 7.0 Document | 8/1/2008 6:30 PM |
| motorola 6-6-2007.PDF | 2,393KB | Adobe Acrobat 7.0 Document | 8/2/2008 4:16 PM |
| SMITH BARNEY.pdf | 1,761KB | Adobe Acrobat 7.0 Document | 8/1/2008 12:41 PM |
| Smith Time Records.pdf | 26KB | Adobe Acrobat 7.0 Document | 8/2/2008 4:16 PM |
| snakeriver.pdf | 940KB | Adobe Acrobat 7.0 Document | 8/2/2008 4:16 PM |
| Standstill Agreement-2nd Ext[1].nayebi.pdf | 13KB | Adobe Acrobat 7.0 Document | 8/2/2008 4:16 PM |
| TECHNET.pdf | 2,296KB | Adobe Acrobat 7.0 Document | 8/2/2008 4:17 PM |
| Toczynski Time Records.pdf | 12KB | Adobe Acrobat 7.0 Document | 8/2/2008 4:17 PM |
| Traut Law Firm.pdf | 4,015KB | Adobe Acrobat 7.0 Document | 8/2/2008 4:17 PM |

Exhibit 1
7