# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>HENRY T. NICHOLAS, III and<br>WILLIAM J. RUEHLE et al.<br><br>    Defendants. | Case No.: SACR 08-00139-CJC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS** |

    Defendants Henry T. Nicholas, III and William J. Ruehle (collectively "Defendants") have filed several motions with the Court. First, Dr. Nicholas moves to exclude certain communications that he contends are privileged and to compel the Government to disclose all of its communications with Dr. Nicholas' former counsel, including attorneys at Irell & Manella LLP ("Irell"). Second, Mr. Ruehle moves for discovery and an evidentiary hearing regarding certain privileged information. Finally, Dr. Nicholas and Mr. Ruehle jointly move to compel the Government to provide

additional expert disclosures and to modify the deadline for Defendants' expert disclosures. For the following reasons, Defendants' motions are GRANTED in part and DENIED in part.[1]

Defendants' motion to compel additional expert disclosures is GRANTED in part. Under Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure, the Government must provide a summary of any expert testimony it intends to present at trial that "describe[s] the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." FED. R. CRIM. P. 16(a)(1)(G). With respect to the six expert witnesses the Government has identified, the Government has provided sufficient information regarding the nature of their testimony and their qualifications to testify as expert witnesses. (Decl. of Barry Simon Exs. 1-2, 6.) For each proposed expert, the Government has provided a resume and a narrative description of the expert's opinions. (*Id.*) Defendants argue that the Government has not provided sufficient information regarding the information that forms the bases for the experts' opinions and the materials on which the experts relied in forming their opinions. To the extent that the Government's experts have relied on or reviewed specific information, the Court agrees that this information must be disclosed so that Defendants have a full and fair opportunity to cross-examine the Government's experts. *United States v. W.R. Grace*, 526 F.3d 499, 513 (9th Cir.) (upholding district court's order requiring government to disclose "documents or information that the expert reviewed in preparing his or her report"). The Court expects that the Government will supplement its disclosures to reflect any information on which the experts rely as a basis for their opinions. For example, the Government should disclose any rules or regulations that Ms. Levy will discuss at trial and any of the cases Dr. Larcker reviewed in forming his opinions. The Government's

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* FED. R. CIV. P. 78; LOCAL CRIMINAL RULE 57-1. Accordingly, the hearing set for June 29, 2009 at 1:30 p.m. is hereby vacated and off calendar.

experts will not be allowed to testify on any matter that is based on any information that is not disclosed. The Government should supplement its expert disclosures to provide this additional information immediately. And soon thereafter, Defendants must provide their reciprocal disclosures. **The Court fully expects that the parties will have completed their expert disclosures no later than August 3, 2009.**

Defendants' motion to compel expert disclosures from the identified percipient witnesses is DENIED. The Government has provided sufficient information with respect to the percipient witnesses it has identified. Although these witnesses possess specialized experience and skill, they "will testify about their percipient understanding" of the relevant events in the case. (Decl. of Barry Simon Ex. 1.) They will not offer expert testimony. Their testimony will be limited to what they did and why they did it.

Mr. Ruehle's motion for an evidentiary hearing and discovery regarding his privileged information is DENIED. After a three-day evidentiary hearing, on April 1, 2009, the Court suppressed Mr. Ruehle's privileged communications with his former attorneys at Irell. Mr. Ruehle now moves for an additional evidentiary hearing and further discovery regarding possible misconduct by the Government related to this privileged information. But there is no evidence of Government misconduct in this case, and the record points to just the opposite. The Government was not aware that Mr. Ruehle had an attorney-client relationship with Irell. In fact, the Government still does not know the basis for the Court's determination that a relationship existed as much of the evidence on which the Court relied was submitted *in camera*. It also must be noted that Government had an affirmative obligation to communicate with Irell—the firm representing Broadcom. Furthermore, Mr. Ruehle has not presented evidence suggesting that his privileged communications were used to obtain other evidence that the Government will attempt to use at trial. Indeed, upon Mr. Ruehle's assertion of the privilege, the Government sequestered materials reflecting the communications that Mr.

Ruehle claimed were privileged, and the Court understands that after its ruling regarding the privilege, the Government returned Mr. Ruehle's privileged information to him. (Opp'n at 76.)

The Court does conclude that an evidentiary hearing regarding Dr. Nicholas' attorney-client privilege is necessary.[2] Dr. Nicholas has made a *prima facie* showing that Irell represented him in an individual capacity in the Nayebi matter. Dr. Nicholas was named in Mr. Nayebi's draft complaint. (Decl. of Tobin J. Romero Ex. 2.) Dr. Nicholas could have been held personally liable based on the allegations. (*Id.*) Consequently, Broadcom had a duty to retain counsel on Dr. Nicholas' behalf, and apparently it retained only Irell to handle the matter. (*Id.* Ex. 1.) Finally, Dr. Nicholas received legal advice from Irell related to the Nayebi matter, and Dr. Nicholas believed that Irell represented him personally. (*Id.* Ex. 4) Accordingly, the Court must hold an evidentiary hearing on July 21, 23, and 24, 2009 to determine whether an attorney-client relationship existed between Dr. Nicholas and Irell with respect to the Nayebi matter, and if so, whether the attorney-client privilege applies to the evidence Dr. Nicholas seeks to exclude. Before the hearing, Dr. Nicholas must identify the documents he seeks to suppress. At the hearing, the Court will need to hear the testimony of Nancy Tullos, James Adler, Mr. Nayebi, Mr. Nayebi's lawyers, Peter Brock and Brian Lewis, and Dr. Nicholas. The Court expects Dr. Nicholas to prepare and serve the appropriate subpoenas. The Court has serious doubts whether the Government can meet its initial burden regarding the crime-fraud exception. Nonetheless, the Government may renew its arguments regarding the possible applicability of the crime-fraud exception after the evidentiary hearing.

Dr. Nicholas' motion to compel disclosure of the Government's communications with Dr. Nicholas' former counsel, including Irell, is DENIED WITHOUT PREJUDICE.

---

[2] The Government's motion to strike Dr. Nicholas' motion is DENIED.

At this juncture, Dr. Nicholas has not identified any basis under which he is entitled to this information.  Dr. Nicholas does not have the right to open file discovery and embark on a fishing expedition in search of Government misconduct.  Dr. Nicholas, however, may renew his motion after the evidentiary hearing.

Finally, the Court reschedules the status conference currently on calendar for June 29, 2009 to August 3, 2009 at 3:30 p.m.  The Court believes that the parties are not in a position to have a meaningful status conference at this time.  The parties should be prepared to discuss important case management and trial matters on August 3rd.  Specifically, the Court would like to discuss jury selection and the scheduling of pre-trial motions.  The Court also wants the Government to advise Defendants whether it will seek to dismiss any of the counts of the indictment.

DATED: June 25, 2009

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE